**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

```
CHARLES F. LEE,                  ) Case No. CV 12-8044-JSL (JPR)
                                 )
              Petitioner,        )
                                 ) ORDER TO SHOW CAUSE
         vs.                     )
                                 )
G.D. LEWIS, Warden,              )
                                 )
              Respondent.        )
                                 )
```

   On September 18, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, raising two claims: insufficient evidence supporting his attempted-murder conviction and ineffective assistance of counsel. (Pet. at 5.) Petitioner alleges that he raised those claims on direct appeal to the state court of appeal and supreme court. (Id. at 2-3.) He alleges that in addition, he raised an ineffective-assistance-of-counsel claim in a habeas petition to the state superior court, which denied it on March 26, 2012; it is unclear whether it is the same claim he raised on direct appeal and in the federal Petition. (Id. at 4.) He does not claim to have filed other state petitions (see generally

id.), although he acknowledges that he has another petition pending in "either state or federal" court (id. at 6). The Court's review of the California Appellate Courts' Case Information website indicates that on September 19, 2012, Petitioner filed a habeas petition in the state court of appeal, which has not yet adjudicated it.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a § 2254 petition should not be granted unless it appears that the petitioner has exhausted available state remedies as to all of his claims. 28 U.S.C. § 2254(b), (c); see Picard v. Connor, 404 U.S. 270, 276-77, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971) (stating that purpose of exhaustion is to give state initial opportunity to address violation of petitioner's federal rights). Thus, a federal habeas petition filed while the petitioner's direct appeal is pending in state court is premature and ordinarily will be dismissed for failure to exhaust state remedies. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding that when direct appeal pending in state court, petitioner "must await the outcome of his appeal before his state remedies are exhausted" even if his federal petition contains unrelated, properly exhausted claims); see also Edelbacher v. Calderon, 160 F.3d 582, 583, 585 (9th Cir. 1998) (declining to depart from Sherwood's general rule absent "extremely unusual circumstances"); cf. Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669 (1971) (holding that under principles of comity and federalism, federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances). Sherwood

applies irrespective of whether the claim or claims raised in the pending state petition are included in the federal petition because the state-court proceeding may result in reversal of the petitioner's conviction, thereby mooting the federal proceeding. 716 F.2d at 634. Although no published, post-AEDPA Ninth Circuit cases have extended Sherwood to state habeas petitions pending at the filing of a federal petition, various district courts have done so. See Nipiossian v. Walker, No. CV 09-04491 GHK (RZ), 2009 WL 2195797, at *1 (C.D. Cal. July 17, 2009) ("If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied."); see, e.g., Lee v. Vaques, No. CV 09-7622 GW (FFM), 2010 WL 2330205, at *1 (C.D. Cal. June 7, 2010) (listing cases).

Because Petitioner has a state habeas petition pending in the court of appeal, the adjudication of which may moot his federal Petition, and no unusual circumstances apparently exist, he may well have failed to fully exhaust his state remedies. This Court, of course, does not know whether the claims presented in the state-court habeas petition are the same as those raised here or are even related to the same conviction and sentence. In any event, Petitioner may move for a stay of the Petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), while he continues to exhaust claims in state court. Petitioner is warned, however, that if the claims currently pending in state court are different from those presented in the Petition but challenge the same conviction and sentence, then under Kelly

> [he] will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles.

King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitation period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 2572, 162 L. Ed. 2d 582 (2005). Should the claims now pending in state court be the same as those in the Petition, and should this Court grant any request for a stay, then this Court will simply postpone ruling on the Petition until Petitioner's state-court proceedings have concluded.

    IT THEREFORE IS ORDERED that within 30 days of the service date of this Order, Petitioner show cause in writing, if he has any, why the Court should not recommend that this action be dismissed without prejudice because of the pending state-court proceedings. As part of his response, Petitioner may elect to move for a stay of these proceedings under Kelly.

DATED: September 28, 2012

JEAN ROSENBLUTH
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE