I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL ~~Petr~~ w/ form (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 12-10-13
DEPUTY CLERK

FILED
DEC 10 2013
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES F. LEE,<br><br>    Petitioner,<br><br>    v.<br><br>G.D. LEWIS, Warden,<br><br>    Respondent. | Case No. CV 12-8044-JSL (DFM)<br><br>ORDER TO SHOW CAUSE |

On September 18, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. On August 1, 2013, following a stay to exhaust additional claims before the California state courts, Petitioner filed his First Amended Petition. Dkt. 27. On September 23, 2013, Respondent moved to dismiss the Petition on the basis that Petitioner has not exhausted his state court remedies with respect to the claim presented in Ground Two of the First Amended Petition. Dkt. 35. On October 17, 2013, Petitioner filed an opposition to the motion to dismiss. Dkt. 37.

///
///
///

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

It appears that the claim in Ground Two of the First Amended Petition has never been presented to the California Supreme Court. See Respondent's Notice of Lodging re Motion to Dismiss (Dkt. 36), Lodged Document ("LD")

---

[1] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

5, 11.[2] If it were nonetheless clear that Petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, the Court concludes that it is not clear that the California Supreme Court will hold that Petitioner's unexhausted claim is procedurally barred under state law if Petitioner were to raise it in a habeas petition to the California Supreme Court, as such a proceeding is an original proceeding not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision. See, e.g., In re Harris, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). Although exhausting the claim in Ground Two would require Petitioner to file a second habeas petition with the California Supreme Court, such a petition is permitted by that court in some circumstances. See In re Clark, 5 Cal. 4th 750 (1993). The Court therefore

---

[2] Petitioner concedes that he has not presented Ground Two to the California courts "in those certain words." Opposition to Respondent's Motion to Dismiss at 5. He nevertheless maintains that his challenge to the sufficiency of the evidence in the gang allegations was implicit in his sufficiency challenge with respect to his conviction for attempted murder, which was presented in the state courts. Id. at 6. This contention is without merit, however, because the gang enhancement applied to both Petitioner's murder and attempted murder convictions. See LD 1. Moreover, to the extent that Petitioner's exhausted sufficiency challenge in Ground One covers aspects of the gang evidence presented in support of Petitioner's attempted murder conviction, those aspects of the evidence will be considered by the Court in its analysis of Ground One.

concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Accordingly, Petitioner's inclusion of the claim in Ground Two of his Petition appears to render the Petition a "mixed petition" containing both exhausted and unexhausted claims. Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille, 489 U.S. at 349. Because the Court previously granted Petitioner a stay to permit him to exhaust his claims before the state courts, and Petitioner nevertheless failed to exhaust the claim in Ground Two, a further stay to permit Petitioner to exhaust that claim is not appropriate.

IT THEREFORE IS ORDERED that, on or before January 17, 2014, Petitioner either (a) file a Second Amended Petition deleting the unexhausted claim; or (b) show cause in writing, if he has any, why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Dated: December 10, 2013

DOUGLAS F. McCORMICK
United States Magistrate Judge